1

Samuel J. Strauss
**STRAUSS BORRELLI PLLC**

2

980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611

3

Tel.: (872) 263-1100
sam@straussborrelli.com

4

*Of Attorneys for Plaintiff*

5

6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

7

8

SELAY SHAHPUR and LINDSEY
SMITH, on their own behalf and on
behalf of others similarly situated,

9

10

Plaintiffs,

11

vs.

12

ULTA SALON, COSMETICS &
FRAGRANCE, INC.,

13

Defendant.

14

Case No.: 2:25-cv-00284-RLP

Honorable Judge Rebecca L. Pennell

PLAINTIFFS' RESPONSE IN
OPPOSITION TO ULTA'S MOTION
TO STAY DISCOVERY

15

16

17

18

19

20

21

### INTRODUCTION

Defendant Ulta Salon, Cosmetics & Fragrance Inc. ("Ulta" or "Defendant") asks this Court to stay discovery pending resolution of its motion to dismiss. ECF No. 41. Yet Ulta fails to demonstrate justification for the special treatment that it requests – because there is none. Ulta simply seeks a free pass to delay discovery in this case. As there is no cause to invoke the Court's discretion, Ulta's motion should be denied so that the parties may commence with the discovery process contemplated by the Federal Rules of Civil Procedure.

### BACKGROUND

Plaintiffs are Washington consumers who share a common affliction. Their email inboxes are infected with deceptive spam emails warning of impending deadlines and urging them to participate in promotional offers quickly lest the opportunity be lost. To the consumers' detriment, retailers transmitting such messages (like Ulta) have no intention of educating consumers about the availability of deals nor communicating accurate terms. Their objective is more nefarious – to deceive consumers about the timing of sales and promotional offers.

Impending deadlines. Fleeting deals. Urgent warnings. When presented accurately, subject lines containing these facts make for an informed consumer. Yet some retailers, rather than giving consumers reliable information, fabricate such details so they can pressure and mislead consumers with false representations about

PLAINTIFFS' RESPONSE IN
OPPOSITION TO ULTA'S
MOTION TO STAY DISCOVERY

*Shahpur v. Ulta*
Page 2

1  the time scarcity of offers. Earnest as they may sound, the titles of their emails are

2  little more than feigned evanescence disguised as fact.

3      Ulta is such a retailer. Plaintiffs filed their complaint in Spokane County

4  Superior Court on June 26, 2025, detailing how Defendants' marketing emails

5  deceive consumers in violation of Washington's Commercial Electronic Mail Act

6  ("CEMA"). ECF No. 1. On August 1, 2025, Ulta removed the action to this court.

7  *Id.* Defendant filed the instant motion to stay discovery on December 9, 2025. ECF

8  No. 41.

9                                    **ARGUMENT**

10      Ulta's approach is, by no means, novel. It seeks what large companies often

11  seek in cases such as this: special treatment. However, by requesting a stay of

12  discovery, the moving party assumes a heavy burden – they must make a strong

13  showing as to why discovery should be denied. Ulta proposes several bases in

14  support of its requested reprieve from the normal discovery rules. Each is wholly

15  insufficient to warrant the relief sought. Because Ulta has failed to satisfy its burden,

16  the requested stay is not justified and the instant Motion should be denied.

17  **I.    Regardless of Whether a Motion to Dismiss is Pending or Additional
        Discovery is Needed, A Motion for Stay of Discovery Seeks the
18        Exception Rather than the Rule.**

19      Ulta argues that a stay of discovery is suitable in this case pending resolution

20  of its motion to dismiss. There is a substantial body of case law addressing such a

21  PLAINTIFFS' RESPONSE IN            *Shahpur v. Ulta*
    OPPOSITION TO ULTA'S                  Page 3
    MOTION TO STAY DISCOVERY

1 scenario in the Ninth Circuit. None of those decisions guarantee the moving party a

2 free pass from the discovery rules. Such stays are disfavored and there is no cause

3 to grant one here.

4       The standard to be employed in these circumstances is a simple one: discovery

5 may only be stayed for good cause. Fed. R. Civ. P. 26(c)(1). If the Federal Rules

6 intended that a motion to dismiss should stay discovery, "the Rules would contain a

7 provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.

8 1990). No such provision exists. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600

9 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic

10 or blanket stays of discovery when a potentially dispositive motion is pending.").

11 Instead, District Courts enjoy wide discretion in directing discovery and determining

12 when and whether it should be stayed. *Washington v. United States Dep't of*

13 *Homeland Sec.*, 2020 WL 4667545, at *2 (E.D. Wash. June 4, 2020); *see Avila v.*

14 *Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Further, "blanket

15 stays of discovery pending resolution of a dispositive motion generally are

16 disfavored in this Circuit." *Washington*, 2020 WL 4667545 at *2. This disfavor for

17 stays of discovery is informed by their potential to interfere with "judicial efficiency

18 and cause unnecessary litigation in the future." *White v. E-Loan, Inc.*, 2006 WL

19 2850041, at *2 (N.D. Cal. Oct. 5, 2006). Accordingly, the grant of a stay of discovery

20 constitutes the exception rather than the rule. *Northwest Immigrant Rights Project v.*

21

PLAINTIFFS' RESPONSE IN
OPPOSITION TO ULTA'S
MOTION TO STAY DISCOVERY

*Shahpur v. Ulta*
Page 4

1  *Sessions*, 2017 WL 11428870, at *1 (W.D. Wash. Sept. 18, 2017); *Anova Applied*

2  *Elecs., Inc. v. Precision Appliance Tech., Inc.*, 2022 WL 17338875, at *5 (W.D.

3  Wash. Nov. 30, 2022). This remains true even where a motion to dismiss is

4  potentially dispositive of the case and the motion can be decided without additional

5  discovery. *Anova*, 2022 WL 1733875 at *5. And, since every defendant believes their

6  motion to dismiss will succeed, the rule makes sense.

7      In the Ninth Circuit, a party requesting a stay of discovery assumes a heavy

8  burden; the movant must make a strong showing as to why discovery should be

9  denied. *SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, 2024 WL 1898439, at *1 (N.D.

10  Cal. Apr. 29, 2024); *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D.

11  554, 556 (D. Nev. 1997). "Neither the mere existence of a potentially dispositive

12  motion, nor mere inconvenience and expense suffice to establish good cause for a

13  stay." *Wilmington Tr. Co. v. Boeing Co.*, 2020 WL 6060434, at *1 (W.D. Wash. Oct.

14  14, 2020).

15      Ulta points to two factors which courts may consider when deciding whether

16  to grant a stay of discovery: whether a motion is potentially dispositive and whether

17  the motion can be decided without additional discovery. *See Anova*, 2022 WL

18  17338875 at *5; *Morgan v. Twitter, Inc.*, 2023 WL 5209713, at *2 (E.D. Wash. Aug.

19  14, 2023). Yet, even *Morgan*, the case cited by Ulta in its Motion to Stay, reiterates

20  that a pending motion to dismiss generally "does not constitute good cause for

21

PLAINTIFFS' RESPONSE IN
OPPOSITION TO ULTA'S
MOTION TO STAY DISCOVERY

*Shahpur v. Ulta*
Page 5

staying discovery." *Morgan*, 2023 WL 5209713 at \*2. Ulta offers little else to make the requisite "strong showing" beyond recounting the arguments it made in its Motion to Dismiss and discussing a two-page opinion from the Western District. In that case, which Ulta described as having similar circumstances to the present case, the court stayed discovery pending a motion to dismiss. *Jensen v. Capital One Fin. Corp.*, 2024 WL 4554408 (W.D. Wash. Oct. 23, 2024). Jensen asserted violations of Washington's Electronic Mail Act and Consumer Protection Act, as here. *Jensen*, 2024 WL 4554408 at \*1. But there is a critical distinction which goes unmentioned in Ulta's Motion to Stay. At oral argument, the plaintiff in *Jensen* "acknowledged that no harm would result from a brief stay of discovery[.]" No such concession is offered by Plaintiffs here. Plaintiff Shahpur and Plaintiff Smith strongly oppose any effort that might prolong resolution of their case. Discovery should proceed as the Rules contemplated – promptly.

## II.    The Equities Disfavor Granting a Stay.

"[H]eavy, needless burdens on Ulta and third parties…" ECF No. 41. Simultaneously onerous yet vague, these are the consequences to come if discovery is permitted to commence, according to the defendant. Ulta later claims that discovery would "entail enterprise-wide identification, collection, and review of voluminous campaign records" as well as "internal communications across multiple years and custodians." *Id.* However, it is not Plaintiffs' fault that Ulta sent deceptive

1  emails to consumers and must now collect them. Discovery is not stayed merely

2  because *some* burden is imposed. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,

3  2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018); *See Turner Broadcasting Sys.,*

4  *Inc.*, 175 F.R.D. at 556 (stating "a showing that discovery may involve some

5  inconvenience and expense does not suffice to establish good cause for issuance of

6  a protective order."). Courts are better equipped to grant a stay where the moving

7  party demonstrates why the alleged burden goes beyond "the typical burden of civil

8  litigation." *See SVB Fin. Grp.*, 2024 WL 1898439, at *4; *see also Optronic Techs.,*

9  *Inc.*, 2018 WL 1569811, at *2 ("Discovery stays are not automatic, however, and the

10  two-factor test is not satisfied by superficial statements or vague articulations

11  demonstrating nothing more than the traditional burdens of litigation."). Thus, the

12  party moving for the stay "must show a particular and specific need for the protective

13  order, as opposed to making stereotyped or conclusory statements." *Skellerup Indus.*

14  *Ltd. v. City of L.A.*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). Ulta offers precisely that

15  – stereotyped and conclusory statements.

16      Ulta's Motion to Stay fails to describe anything beyond the typical burden

17  found in civil cases involving email marketing campaigns. In the section addressing

18  hardships and inequities for the moving party, Ulta references the topic of expense

19  within a quote. EFC No. 41 (quoting *Jensen* at *1). Then, at the end of the section,

20  the defendant notes the "additional significant costs" incurred with third-party

21  PLAINTIFFS' RESPONSE IN          *Shahpur v. Ulta*
   OPPOSITION TO ULTA'S               Page 7
   MOTION TO STAY DISCOVERY

1  discovery efforts. To the extent that heavy costs are offered as a basis for the stay,

2  Plaintiffs contend that a stay is not justified simply because discovery may cost

3  money. *See*, *e.g.*, *Hoopes Vineyard LLC v. Cnty. of Napa,* 2025 WL 41929, at *1

4  (N.D. Cal. Jan. 6, 2025) ("Moreover, Napa County fails to identify a particular or

5  specific need for a protective order, asserting only that a stay will promote efficiency

6  for the Court and the parties and conserve the parties' resources. Such blanket

7  concerns, which are true in the mine run of litigation, do not establish good cause

8  for a protective order."); *Smith v. Levine Leichtman Cap. Partners Inc.*, 2011 WL

9  13153189, at *2 (N.D. Cal. Feb. 11, 2011) ("The expense of discovery alone does

10  not amount to good cause to stay discovery based on Defendant's argument that they

11  are likely to succeed on the pending motions and could therefore avoid unnecessary

12  expenses."); *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D. Nev.

13  2013) ("The fact that discovery may involve inconvenience and expense is not

14  sufficient, standing alone, to support a stay of discovery."). However, the temptation

15  to read in justification for Ulta's request must be resisted. Ultimately, "[i]dle

16  speculation does not satisfy Rule 26(c)'s good cause requirement. Such general

17  arguments could be said to apply to any reasonably large civil litigation." *Gray*, 133

18  F.R.D. at 40.

19       Motions to stay are disfavored for good reason. By providing nothing more

20  than vague references to costs, burdens, and a description of typical email discovery,

21

Ulta has failed to demonstrate hardship or inequity that would justify a stay of discovery.

Ulta also argues that any prejudice Plaintiffs will incur from a stay would be minimal and that the orderly course of justice favor a stay. Like so many of Ulta's marketing emails, this statement conceals the truth. A stay would both prejudice Plaintiffs and defer resolution of this case. Courts have indicated that a lenient approach which permits stays where a motion to dismiss is pending is "directly at odds with the need for expeditious resolution of litigation." *Gray*, 133 F.R.D. at 40. To observe the importance afforded to expeditious resolution, one need look no further than the very first Rule of Civil Procedure which states that the rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A stay in this case runs contrary to Rule 1 and to the Plaintiffs' interest.

### III. Plaintiffs' Resolution Should Not Be Stalled Merely Because Other Consumers Are Seeking Relief from Ulta.

Multiple lawsuits are a natural and foreseeable consequence when one engages in a nationwide, multi-year deceptive email campaign. Still, Ulta contends that a stay in the present case is warranted because it plans to seek transfer of two other cases into this action, as permitted under 28 U.S.C. § 1404(a). To justify a stay because somewhere some motion is forthcoming at some time is not a reasonable

1    basis for granting relief here. Indeed, the change of venue statute permits transfer

2    where appropriate, but it does not entitle a party to stay discovery under the Federal

3    Rules of Civil Procedure for such an occurrence.

4        Ulta cites a single case in support of its proposition: *Burns v. Gerber Prods.*

5    *Co.*, 2012 WL 8251405, at *5 (E.D. Wash. Sept. 4, 2012). There, the defendant faced

6    ten class action cases filed in "various judicial districts throughout the country." *Id.*

7    at *1. Ten cases spread across the nation prompts concerns for judicial economy that

8    are not present here, where two actions, filed more than three months after Plaintiffs'

9    complaint, pend in an adjacent district within the same circuit. Notably, in *Burns*,

10   the plaintiff moved for a stay of proceedings pending resolution of his motion before

11   the Judicial Panel on Multi-District Litigation such that "a premature dismissal"

12   would require him to "refile, particularly if he seeks to preserve his CPA claim[.]"

13   *Id.* at *5. Additionally, transfer would lead another district to "expend unnecessary

14   judicial resources handling [the] case until the MDL Panel issues its ruling." *Id.*

15   Faced with facts wholly foreign to the present litigation, the Court determined that a

16   stay was necessary.

17       The fact that other plaintiffs are prepared to hold Ulta responsible for polluting

18   their inboxes with misleading "last chance," "last call," and "ends tonight" subject

19   lines, while understandable, doesn't justify delaying resolution for the plaintiffs in

20   this case. Nor does it warrant pausing the discovery process afforded to them under

21

PLAINTIFFS' RESPONSE IN
OPPOSITION TO ULTA'S
MOTION TO STAY DISCOVERY

*Shahpur v. Ulta*
Page 10

the Federal Rules of Civil Procedure. As discussed above, Fed. R. Civ. P. 26 requires

a showing of "good cause" before discovery may be stayed. What it doesn't call for

is speculation. There is no guarantee that the yet-to-be-filed motions for transfer will

be granted. To succeed, Ulta must demonstrate the "significant inconvenience" that

is required to "justify disregarding the plaintiff's choice of forum" in the Western

District. *See Burns*, 2012 WL 8251405 at *2. Once Ulta has briefed the matter, there

is still no deadline by which a decision on the motions for transfer must issue. The

delay and uncertainty to follow would be an unwarranted prejudice for these

Plaintiffs.

## <u>CONCLUSION</u>

For these reasons, Plaintiffs respectfully request that the Court deny Ulta's

Motion to Stay Discovery (EFC No. 41).

*[Counsel signature block to follow on next page.]*

PLAINTIFFS' RESPONSE IN
OPPOSITION TO ULTA'S
MOTION TO STAY DISCOVERY

*Shahpur v. Ulta*
Page 11

1    DATE: December 23, 2025                Respectfully submitted,

2                                           */s/ Samuel J. Strauss*
                                            Samuel J. Strauss WSBA No. #46971
3                                           Raina C. Borrelli*
                                            **STRAUSS BORRELLI PLLC**
4                                           980 N. Michigan Avenue, Suite 1610
                                            Chicago, IL 60611
5                                           Tel.: (872) 263-1100
                                            sam@straussborrelli.com
6                                           raina@straussborrelli.com

7                                           Walter M. Smith, WSBA No. #46695
                                            **SMITH & DIETRICH LAW OFFICES**
8                                           1226 State Avenue N.E., Suite 205
                                            Olympia, WA 98506
9                                           Telephone: (360) 915-6952
                                            walter@smithdietrich.com

10

11                                          Lynn A. Toops (*pro hac vice*)
                                            Natalie A. Lyons (*pro hac vice*)
                                            Ian R. Bensberg (*pro hac vice*)
12                                          **COHENMALAD, LLP**
                                            One Indiana Square, Suite 1400
13                                          Indianapolis, IN 46204
                                            Tel.: (317) 636-6481
14                                          ltoops@cohenmalad.com
                                            nlyons@cohenmalad.com
15                                          ibensberg@cohenmalad.com

16
                                            *[Continued]*
17

18

19

20

21    PLAINTIFFS' RESPONSE IN            *Shahpur v. Ulta*
      OPPOSITION TO ULTA'S                  Page 12
      MOTION TO STAY DISCOVERY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

J. Gerard Stranch, IV*
Michael C. Tackeff (*pro hac vice*)
**STRANCH, JENNINGS
& GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

*Attorneys for Plaintiffs*

* Applications for admission *pro hac vice* forthcoming

1

## <u>CERTIFICATE OF SERVICE</u>

2      I, Samuel J. Strauss, hereby certify that on December 23, 2025, I caused the

3   foregoing to be electronically filed with the Court using the Court's CM/ECF

4   system which will send an electronic copy to all parties and/or their counsel of

5   record.

6      DATED this 23rd day of December, 2025.

7                          Respectfully submitted,

8                          */s/ Samuel J. Strauss*
                          Samuel J. Strauss WSBA No. #46971
9                          **STRAUSS BORRELLI PLLC**
                          980 N. Michigan Avenue, Suite 1610
10                         Chicago, IL 60611
                          Tel.: (872) 263-1100
11                         sam@straussborrelli.com

12

13

14

15

16

17

18

19

20

21  PLAINTIFFS' RESPONSE IN          *Shahpur v. Ulta*
    OPPOSITION TO ULTA'S              Page 14
    MOTION TO STAY DISCOVERY