Walter M. Smith, WSBA #46695
Email: walter@smithdietrich.com
SMITH & DIETRICH LAW OFFICES PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Telephone: (360) 915-6952
*Attorneys for Plaintiffs*

The Honorable Rebecca L. Pennell

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SELAY SHAHPUR and LINDSEY SMITH, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.,<br><br>Defendant. | Case No.: 2:25-cv-284-RLP<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO ULTA'S MOTION TO DISMISS |

PLAINTIFFS' RESPONSE IN OPPOSITION TO ULTA'S MOTION TO DISMISS - i
Case No. 2:25-cv-284-RLP

Smith & Dietrich Law Offices PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................... 1

FACTUAL BACKGROUND ....................................................... 1

STANDARD OF REVIEW ......................................................... 3

ARGUMENT ............................................................................. 4

   I.     Rule 8 Does Not Bar Plaintiffs' Claims. ..................................... 4

   II.    Plaintiffs State Claims Under CEMA and the CPA. ................. 7

   III.   CAN-SPAM Does Not Preempt CEMA. ...................................11

   IV.   The Dormant Commerce Clause Does Not Apply to CEMA. ................. 16

CONCLUSION ........................................................................ 20

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - ii
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asis Internet Servs. v. Consumerbargaingiveaways, LLC,*
   622 F. Supp. 2d 935 (N.D. Cal. 2009)....................................................13

*Asis Internet Servs. v. Member Source Media, LLC,*
   2010 WL 1610066 (N.D. Cal. Apr. 20, 2010)....................................14

*Aux Sable Liquid Prods. v. Murphy,*
   526 F.3d 1028 (7th Cir. 2008) ...........................................................15

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..............................................................................3

*Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC,*
   567 P.3d 38 (Wash. 2025) ...........................................................1, 11

*Ferguson v. Quinstreet, Inc.,*
   2008 WL 3166307 (W.D. Wash. Aug. 5, 2008), *aff'd*, 348 F. App'x 255 (9th Cir. 2009) ...............................................................12

*Flynt v. Bonta,*
   131 F.4th 918 (9th Cir. 2025) ....................................................17, 18

*Gordon v. Impulse Mktg. Grp., Inc.,*
   375 F. Supp. 2d 1040 (E.D. Wash. 2005).........................................12

*Guardant Health, Inc. v. Natera, Inc.,*
   580 F. Supp. 3d 691 (N.D. Cal. 2022)...........................................4, 8

*Hall v. Smosh Dot Com, Inc.,*
   72 F.4th 983 (9th Cir. 2023) ................................................................6

*Harbers v. Eddie Bauer, LLC,*
   415 F. Supp. 3d 999 (W.D. Wash. 2019) .....................................9, 10

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - iii
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

*Harrington v. Vineyard Vines, LLC*,
    __ F. Supp. 3d __, 2025 WL 3677479 (W.D. Wash. Dec. 18, 2025) ..........12, 15

*Hickey v. Voxernet LLC*,
    887 F. Supp. 2d 1125 (W.D. Wash. 2012) ...................................14, 15

*Hypertouch, Inc. v. ValueClick, Inc.*,
    123 Cal. Rptr. 3d 8 (Cal. Ct. App. 2011)........................................14

*Malabed v. N. Slope Borough*,
    335 F.3d 864 (9th Cir. 2003) ................................................16

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008) ................................................3

*Montes v. Catalyst Brands LLC*,
    2025 WL 3485827 (E.D. Wash. Dec. 4, 2025) ...................................10

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ................................................3

*Nat'l Ass'n of Optometrists & Opticians v. Harris*,
    682 F.3d 1144 (9th Cir. 2012) ...............................................19

*Nat'l Collegiate Athletic Ass'n v. Miller*,
    10 F.3d 633 (9th Cir. 1993) .................................................19

*Nat'l Pork Producers Council v. Ross*,
    456 F. Supp. 3d 1201 (S.D. Cal. 2020), *aff'd*, 6 F.4th 1021 (9th
    Cir. 2021), *aff'd*, 598 U.S. 356 (2023).........................................17, 18

*Nat'l Pork Producers Council v. Ross*,
    6 F.4th 1021 (9th Cir. 2021) ..........................................17, 18, 19, 20

*Nevijel v. N. Coast Life Ins. Co.*,
    651 F.2d 671 (9th Cir. 1981) ................................................5

*Okanogan Highlands All. v. Crown Res. Corp.*,
    492 F. Supp. 3d 1149 (E.D. Wash. 2020).........................................8

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - iv
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

*Pac. Gas & Elec. Co. v. California ex rel. California Dept of Toxic Substances Control*,
  350 F.3d 932 (9th Cir. 2003) ...............................................................16

*People v. Villacrusis*,
  992 F.2d 886 (9th Cir. 1993) ...............................................................15

*Polo v. Innoventions Int'l, LLC*,
  833 F.3d 1193 (9th Cir. 2016) .............................................................10

*Porter v. Jones*,
  319 F.3d 483 (9th Cir. 2003) .................................................................5

*Sam Francis Found. v. Christies, Inc.*,
  784 F.3d 1320 (9th Cir. 2015) .............................................................19

*Smith v. Anastasia Inc.*,
  2014 WL 12577598 (S.D. Cal. Sept. 15, 2014)...................................14

*State v. Heckel*,
  143 Wash. 2d 824, 24 P.3d 404 (Wash. 2001) ........................9, 18, 19

*The Real Est. Bar Ass'n For Mass., Inc. v. Nat'l Real Est. Info. Servs.*,
  608 F.3d 110 (1st Cir. 2010) ...............................................................16

*U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*,
  931 F.3d 966 (9th Cir. 2019) ...............................................................17

*United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't*,
  911 F. Supp. 2d 1118 (E.D. Wash. 2012)...............................................6

*Adomitis ex. rel. United States v. San Bernardino Mountains Cmty. Hosp. Dist.*,
  816 F. App'x 64 (9th Cir. 2020) .............................................................6

*Wagner v. Spire Vision*,
  2014 WL 889483 (N.D. Cal. Mar. 3, 2014) .........................................14

*Wakefield v. ViSalus, Inc.*,
  51 F.4th 1109 (9th Cir. 2022) ..............................................................11

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - v
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

**Statutes**

15 U.S.C. § 7701 ...................................................................................................11

15 U.S.C. § 7704 ...................................................................................................15

15 U.S.C. § 7707(b)(1)..............................................................................12, 13, 14, 16

28 U.S.C. § 1447(c) ...............................................................................................10

CEMA ............................................................................................................*passim*

Commercial Electronic Mail Act, Wash. Rev. Code Ann. § 19.190.020...............................................................................................1, 12, 15

Consumer Protection Act .....................................................................................*passim*

False Claims Act ....................................................................................................6

RCW 19.190.030...................................................................................................10

RCW 19.190.030(1)................................................................................................9

RICO ....................................................................................................................6

Wash. Rev. Code Ann. § 19.86.020......................................................................4, 9

Wash. Rev. Code Ann. § 19.190.020(1)................................................................7, 9

Wash. Rev. Code Ann. § 19.190.020(1)(b) ...........................................................17

Wash. Rev. Code Ann. § 19.190.030.....................................................................9

**Other Authorities**

Fed. R. Civ. P. 5.1 .................................................................................................3

Fed. R. Civ. P. 8(a)................................................................................................4

Rule 8 ..........................................................................................................3, 4, 5, 6

Rule 9(b)................................................................................................................13

Rule 12 .......................................................................................................3, 8, 16

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - vi
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## INTRODUCTION

This case is about an online retailer sending deceptive marketing emails in violation of Washington state law. For years, Defendant Ulta Salon, Cosmetics & Fragrance Inc. ("Ulta" or "Defendant") conducted widespread email marketing campaigns based on deception and falsity to convince consumers that promotions were ending when they were not. In its renewed Motion to Dismiss the Amended Complaint, ECF No. 38, Ulta raises a number of defenses that have been rejected by other courts or are inapposite. In short: the allegations in the complaint are sufficiently pled and this case should proceed.

## FACTUAL BACKGROUND

Ulta violated the Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code Ann. § 19.190.020, by sending commercial emails with misleading subject lines to consumers, including Plaintiffs. ECF No. 32 at ¶¶ 3–7. CEMA protects Washington residents from commercial emails with any false or misleading information in the subject lines. *See generally Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash. 2025). Ulta engages in this practice of sending false time scarcity emails, which extend promotions beyond the dates originally referenced in earlier promotions. ECF No. 32 at ¶¶ 39–40. Time scarcity promotions carry effective psychological resonance because they tap into consumers' desire not to miss deals. ECF No. 32 at ¶¶ 30–38.

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 1
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

Ulta's spam tactics not only fill consumers' inboxes with junk mail but with promotional subject headings that falsely state when sales are ending. The Amended Complaint exhaustively catalogues examples of this conduct, but a few examples are particularly poignant. On December 19, 2022, clearly targeting holiday shoppers, Ulta emailed consumers with a subject heading stating: "ENDS TONIGHT: $10 or $20 off!" ECF No. 32 at ¶ 46. The next day, December 20, 2022, Ulta admitted that the information in the subject heading of the promotional email it had sent the day before was false. The new email's subject heading said: " 🎁 Gift of TIME: $10 or $20 off, now extended! ⏰ [.]" ECF No. 32 at ¶ 48. The promotion was not ending the night of December 19, as the first email communicated in its subject line. Other examples can be found in Exhibit A to the Complaint, ECF No. 32-1 at PageID# 341, and discovery may reveal more. Plaintiffs Selay Shahpur and Lindsey Smith both received deceptive commercial emails from Ulta. ECF No. 32 at ¶¶ 92–95.

This is not simply clever marketing or an innocent business practice – this is a calculated attempt to sway consumer behavior based on information the retailer knows to be wrong. Ulta feeds consumers false information likely to make them act quicker to obtain a certain deal. The information in the subject line of the first email is not mere puffery or a clever ad out of *Mad Men* – it is a deceptive and false

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 2
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

strategy to increase Ulta's bottom line to the detriment of its customers. This scheme exploits consumers' psychological tendencies to react to scarcity and act faster to buy products. The Washington legislature created a remedy for such conduct decades ago, and Plaintiffs seek relief under that law.

Plaintiffs initially filed this case in state court on June 26, 2025. ECF No. 1 at PageID#3. Ulta invoked the jurisdiction of this Court and removed the case on August 1, 2025. ECF No. 1. On October 3, 2025, Ulta moved to dismiss and noticed a constitutional question under Fed. R. Civ. P. 5.1. ECF Nos. 25, 26. Plaintiffs amended their complaint on October 23, 2025. ECF No. 32. On December 5, 2025, Ulta filed the instant Motion to Dismiss and again noticed a constitutional question. ECF Nos. 38, 39. Ulta has also sought to stay discovery. ECF Nos. 41, 42.

## STANDARD OF REVIEW

Rule 8(a)(2) requires only a short and plain statement of the claim giving "the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). All reasonable inferences are to be drawn in the pleader's favor. *Moss v. U.S. Secret*

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 3
Case No. 2:25-cv-284-RLP

*Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *Guardant Health, Inc. v. Natera, Inc.*, 580 F. Supp. 3d 691, 702 (N.D. Cal. 2022).

## ARGUMENT

Ulta kicks off its motion with the conclusory notion that its marketing tactics are "commonplace." ECF No. 38 at PageID#375. Ulta essentially avers that because it acted just as deceptively as others in its industry, it should not be held to account for conduct that violates Washington law. That argument does not persuade. Ulta's bid to dismiss this case amounts to, "*Well, Judge, everyone was doing this, so we shouldn't be liable for something everyone was doing*" A commercial practice like deceptive email marketing can be ubiquitous but still unlawful, as it is here. Ulta throws five arguments at the wall in its kitchen sink motion to dismiss: Rule 8, an argument about the second count in the complaint under Wash. Rev. Code Ann. § 19.86.020, preemption, a CPA argument, and a dormant Commerce Clause argument. This is a well-pled complaint addressing specific violations of a statute designed to protect Washington consumers. This motion should be denied.

## I.     Rule 8 Does Not Bar Plaintiffs' Claims.

Ulta's first argument in its brief is a mystifying invocation of Rule 8. ECF No. 38 at PageID# 377–78. Rule 8, of course, requires that pleadings contain "short and plain statements" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). It expressly permits pleading in the alternative or inconsistently. Rule 8(d).

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 4
Case No. 2:25-cv-284-RLP

The requirements imposed by Rule 8 are "minimal" and act as a guard against frivolous or confusing pleadings. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory" by repeat litigant). The complaint unquestionably puts Ulta on notice of what is being alleged here. Ulta knows what it is accused of doing, what statutes it has violated, and who is suing it. Ulta's invocation of Rule 8 here demonstrates how few persuasive arguments it has in attempting to dismiss this case.

Ulta calls the facts in the complaint mere "bare conclusions." ECF No. 38 at PageID# 377. Nonsense. The paragraph in the Amended Complaint that Ulta alleges is a "bare conclusion" simply states that Ulta sent emails that were false or misleading. That ignores the rest of the complaint where Plaintiffs demonstrate in painstaking detail *how* these emails were deceptive. *E.g.*, ECF No. 32 at ¶¶ 36, 44, 47, 49, 53, 55, 65, 67. Facts in a complaint are not "bare conclusions" simply because Ulta does not like being called out for what it did. This is a case hinging on deceptive email practices. Plaintiffs here received some of the emails Ulta sent. ECF No. 32 at ¶¶ 92–95. No more is required. Plaintiffs need not have been subjected to every deceptive marketing email sent by Ulta to benefit from the protections afforded them by the Washington legislature through CEMA. This is not so different from the TCPA context, where individuals suffer injuries-in-fact when

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 5
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

receiving unsolicited telemarketing calls or texts. *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023) (addressing standing in TCPA context).

The cases Ulta cites are inapposite.[1] Rule 8's "minimal" requirements are more than satisfied here. Ulta is arguing that Rule 8 requires consumers to not only to receive one email that violates CEMA, but to have continued to receive other emails that *prove* the initial email violated CEMA. In essence Ulta suggests consumers were not deceived until they eventually learned the truth. A lie is a lie, regardless of how the victim finds out about it. Consider that if a consumer is told that she would receive 20% off a certain product on Monday, and that the promotion ends Monday – and then that consumer buys the product on Monday – nothing about the *truth* (that the promotion ended Wednesday) changes the completed deception.

---

[1] One concerned a labor dispute where union members sued an overseer under civil RICO, and the second was a False Claims Act dispute where a relator's claim that certain terrain was mountainous was dismissed. *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't*, 911 F. Supp. 2d 1118, 1123 (E.D. Wash. 2012); *Adomitis ex. rel. United States v. San Bernardino Mountains Cmty. Hosp. Dist.*, 816 F. App'x 64, 67 (9th Cir. 2020).

PLAINTIFFS' RESPONSE IN OPPOSITION TO ULTA'S MOTION TO DISMISS - 6
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

## II.    Plaintiffs State Claims Under CEMA and the CPA.

Next, Ulta contends that Plaintiffs do not sufficiently plead the elements of CEMA or the CPA. CEMA states:

> No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that: (b) [c]ontains false or misleading information in the subject line.

Wash. Rev. Code Ann. § 19.190.020(1). To the extent that CEMA has enumerated elements, Ulta attacks two: first knowledge, and second, false and misleading information. ECF No. 38 at PageID# 379–80.

Ulta claims that Plaintiffs are hypothesizing about Ulta's knowledge that the recipients of its marketing emails are Washington residents. Ulta calls Plaintiffs' allegations on these points "conjecture" and "speculation." *Id.* This bald name-calling flies in the face of the actual allegations in the Amended Complaint, which alleges, in detail, exactly how Ulta uses sophisticated email marketing platforms to design and carry out its email campaigns. ECF No. 32 at ¶¶ 81–91. The Amended Complaint explicitly alleges that Salesforce, the software Ulta employs, "allows Ulta to identify anyone who receives its marketing emails, determine who opens them, and track who clicks on any links within them." *Id.* at ¶ 85. Despite Ulta's remonstrations to the contrary, that is not conjecture. That is simply a well-pled fact

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 7
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

1  that the Court must accept as true at the Rule 12 stage. *Okanogan Highlands All. v.*

2  *Crown Res. Corp.*, 492 F. Supp. 3d 1149, 1153 (E.D. Wash. 2020). The amended

3  complaint demonstrates a repeated pattern of Defendant spamming consumers with

4  emails containing subject lines with substantially the same false-time messaging.

5  At this stage, it is an eminently "reasonable inference" that Ulta acted with intention

6  and knowledge. *Natera* 580 F. Supp. 3d at 702. How could Ulta implement its sales

7  and retail pricing if it *didn't* know the purported deal "deadline" would be extended

8  in a later message? The Amended Complaint goes even further than the allegation

9  in paragraph 85 and highlights no less than *five* additional ways in which Ulta could

10  be tracking where its consumers live. ECF No. 32 at ¶¶ 82, 83, 87, 88, 89. This is

11  sufficient. Plaintiffs need not prove their case on knowledge before discovery.

12      Next, Ulta says that Plaintiffs' allegations about "false or misleading

13  information" are not sufficient. The Amended Complaint explicitly alleges: "Ulta

14  has spammed Plaintiffs Shahpur and Smith with commercial emails whose subject

15  lines contain false or misleading statements[.]" ECF No. 32 at ¶ 92. The Court must

16  assume this fact to be true and draw all inferences in favor of Plaintiffs. Ulta crows

17  that the Amended Complaint does not allege that these Plaintiffs received the

18  "allegedly potentially deceptive combination of emails (which Ulta denies)." This

19  hedge-heavy word salad presumes that Plaintiffs must have received some magic

20  combination of emails to assert a claim under CEMA. Not so. A single deceptive

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 8
Case No. 2:25-cv-284-RLP

commercial email is actionable under the plain text of the statute, which references "**a** commercial electronic mail message." Wash. Rev. Code Ann. § 19.190.020(1) (emphasis added). The subject headings of the emails these Plaintiffs received contained false or misleading information. ECF No. 32 at ¶¶ 52, 56, 64, 93. The emails contained false information when Ulta sent them, Ulta knew that the information was false, and thus Ulta is liable under CEMA at the moment the email is sent. The second email (saying that the promotion has been "extended" or is still ongoing) simply demonstrates how misleading the initial email was and demonstrates Ulta's planning and knowledge that the initial email was not accurate. If Ulta says on Tuesday that a 10% off deal is available through Wednesday, and the deal was really available through Thursday, that first statement was false. Simple as that. This is a deception that consumers readily understand.

Ulta then tries to assert that Plaintiffs have not sufficiently stated a claim under Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code Ann. § 19.86.020. ECF No. 38 at PageID# 380–82. But a violation of CEMA is necessarily a violation of the CPA. Wash. Rev. Code Ann. § 19.190.030; *see also Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1003 (W.D. Wash. 2019) ("Of particular relevance, a plaintiff alleging a CEMA violation under RCW 19.190.030(1) *need not allege injury or causation beyond the CEMA violation*.") (emphasis added) (concluding plaintiff had Article III standing and concrete harm); *State v. Heckel*,

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 9
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

1    143 Wash. 2d 824, 828, 24 P.3d 404, 407 (Wash. 2001) ("RCW 19.190.030 makes

2    a violation of the Act a per se violation of the Consumer Protection Act (CPA),

3    chapter 19.86 RCW."). So, Ulta is wrong that Plaintiffs' allegations are insufficient

4    to allege injury and deception. The CPA claim is properly pled. ECF No. 32 at ¶¶

5    114–123.

6        Ulta invokes a recent decision from this Court involving CEMA and the CPA,

7    *Montes v. Catalyst Brands LLC*, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025). In

8    that case, the Court stated: "The Court fails to see how receiving an email with a

9    misleading or false subject line harmed Plaintiff in a concrete manner that would

10   rise to the level required for standing." *Id.* at *3. The Court dismissed on this

11   jurisdictional basis. The *Montes* case should not persuade. First, the Court dismissed

12   the case without prejudice for lack of standing, *id.* at *4, ignoring 28 U.S.C. §

13   1447(c) (mandatory remand removed case is dismissed for lack of jurisdiction).[2]

14       Second, Article III standing is not so strict as the Court found in *Montes*. *See,*

15   *e.g.*, *Harbers*, 415 F. Supp. 3d at 1010 ("[C]ommercial e-mails containing false or

16

17   _____

18   [2] Because this case was also removed, ECF No. 1, if this Court decided to dismiss

19   for lack of subject matter jurisdiction here, then a remand would be the appropriate

20   remedy. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

misleading subject lines pose a risk to an individual's interest in being free from the nuisance and loss of productivity, given the fact that such e-mails are less likely to be screened by a service provider's filtering system.") (concluding plaintiff had Article III standing); *see also Old Navy*, 4 Wash. 3d at 592 ("Accordingly, CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA."). CEMA is not so different than a TCPA claim, where simply receiving an unwanted message confers standing. *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1117 (9th Cir. 2022).

But more importantly, consider the position Ulta is taking here. Plaintiffs sought relief in state court. ECF No. 1. Ulta made the decision to invoke *this* Court's jurisdiction to hear this dispute. Now, it is attempting to dismiss by pointing to a case holding that a similar injury is not concrete enough for standing under Article III. Ulta simply wants to have its cake and eat it too. The Court should not entertain this gamesmanship. Multiple courts, including the Washington Supreme Court, have explicitly found receiving a deceptive email is sufficient to have standing.

The CPA claim is sufficiently pled and survives.

## III.    CAN-SPAM Does Not Preempt CEMA.

Ulta spends the bulk of its Motion arguing that CEMA is preempted by a federal statute called CAN-SPAM, 15 U.S.C. § 7701. ECF No. 38 at PageID# 382–92. But as another federal court in Washington held *mere days ago*, "[t]he provision

PLAINTIFFS' RESPONSE IN OPPOSITION TO ULTA'S MOTION TO DISMISS - 11
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

1   of CEMA on which plaintiffs' claims are premised is not preempted by CAN-

2   SPAM." *Harrington v. Vineyard Vines, LLC*, __ F. Supp. 3d __, 2025 WL 3677479,

3   at *1 (W.D. Wash. Dec. 18, 2025). Plaintiffs here rely on the same provision. But

4   more importantly, CAN-SPAM expressly allows state law to address "falsity or

5   deception" in commercial electronic mail messages, 15 U.S.C. § 7707(b)(1), and

6   that is what CEMA does, Wash. Rev. Code Ann. § 19.190.020. The Court need look

7   no further than the plain language of 15 U.S.C. § 7707(b)(1).

8       Multiple federal courts have concluded that CEMA claims involving falsity

9   or deception (like this case) are not preempted by CAN-SPAM. *Harrington*, 2025

10  WL 3677479, at *1 ("Because CEMA's subject-line provision forbids only false or

11  misleading information (*i.e.*, 'falsity or deception'), it is not preempted by CAN-

12  SPAM."); *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at *9 (W.D. Wash. Aug.

13  5, 2008), *aff'd*, 348 F. App'x 255 (9th Cir. 2009) ("[W]hile *claims actually alleging*

14  *falsity or deception under CEMA would not be preempted*, Plaintiff's claims here-

15  for at best incomplete or less than comprehensive information-are for immaterial

16  errors that may not be litigated under state law.") (emphasis added); *Gordon v.*

17  *Impulse Mktg. Grp., Inc.*, 375 F. Supp. 2d 1040, 1045–46 (E.D. Wash. 2005)

18  ("[T]he Court concludes that Washington's Commercial Electronic Mail Act is

19  excepted from federal preemption because it prohibits 'falsity and deception'"). By

20

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 12
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

the plain text of CAN-SPAM, this case is not preempted – it alleges falsity and deception. ECF No. 32 at ¶¶ 4–6, 39, 41, 44–45, 50–51, 59, 80.

Ulta argues that Plaintiffs cannot invoke the exception for state law addressing falsity or deception in 15 U.S.C. § 7707(b)(1) because these CEMA claims are not grounded in traditional tort principles. Then, Ulta confusingly asserts that fraud requires a material misrepresentation, and that none is asserted here. ECF No. 38 at PageID# 286. Ulta confuses matters. This case does not assert a claim for fraud. Thus, Rule 9(b) has no application here,[3] and Plaintiffs need not establish the elements of a claim they do not assert (material misrepresentation, reliance, actual injury, deceptive intent). And the language regarding "falsity or deception" in 15 U.S.C. § 7707(b)(1) is not cabined solely to common law fraud in any event. *Asis Internet Servs. v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935, 942 (N.D. Cal. 2009) ("'[F]alsity or deception' is not limited *just* to common-law fraud and

---

[3] Rule 9(b) does not apply to Plaintiffs' claims because fraud is not alleged. Even if the Rule applied here, the who, what, when, where, and how of the misconduct alleged are all spelled out in the complaint. Ulta sent certain emails containing misleading information on certain dates to consumers using technology that enabled it to track those recipients' locations.

PLAINTIFFS' RESPONSE IN OPPOSITION TO ULTA'S MOTION TO DISMISS - 13
Case No. 2:25-cv-284-RLP

Smith & Dietrich Law Offices PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

1   other similar torts.") (emphasis in original). CAN-SPAM's state law exception is

2   also expressly phrased in the *disjunctive*: it encompasses falsity *or* deception. 15

3   U.S.C. § 7707(b)(1). So CEMA fits squarely into the plain textual matrix of state

4   laws that CAN-SPAM left undisturbed in its language. CEMA is not preempted.

5       Showing reliance is not necessary to avoid preemption. *Smith v. Anastasia*

6   *Inc.*, 2014 WL 12577598, at *2–3 (S.D. Cal. Sept. 15, 2014) (showing reliance and

7   damages not necessary to avoid preemption); *Wagner v. Spire Vision*, 2014 WL

8   889483, at *3–4 (N.D. Cal. Mar. 3, 2014) (finding that showing of reliance and

9   damages was not necessary); *Asis Internet Servs. v. Member Source Media, LLC*,

10  2010 WL 1610066, at *3 (N.D. Cal. Apr. 20, 2010) (similar); *Hypertouch, Inc. v.*

11  *ValueClick, Inc.*, 123 Cal. Rptr. 3d 8, 27 (Cal. Ct. App. 2011) (similar).

12      Nor does conflict preemption apply here. In general, conflict preemption

13  addresses whether compliance with both state and federal regulatory regimes is

14  impossible. *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130 (W.D. Wash.

15  2012) (finding that the TCPA did not preempt the text message component of

16  CEMA). Here, it is easy for a company to comply with both CAN-SPAM and

17  CEMA. All it has to do is not lie in its emails to Washington residents. CAN-SPAM

18  was explicitly drafted with its carveout for certain state laws concerning falsity or

19  deception. Ulta's reliance on *Virtumundo* is misplaced. In that case, "the Ninth

20  Circuit did not address whether CAN-SPAM preempts the subsection of CEMA

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 14
Case No. 2:25-cv-284-RLP

1    that is at issue in this matter." *Harrington*, 2025 WL 3677479, at *1. The question

2    in *Virtumundo* was "[w]hether the exception language of § 7707(b) permits states

3    to prohibit e-mail activity that is *not* unfair or deceptive." 575 F.3d at 1062 n.21.

4    Unsurprisingly, the court's answer was no. There was nothing inherently deceptive

5    in that case about using fanciful domain names – the conduct here is different.

6        Conflict preemption involves determining first whether it is impossible for a

7    defendant to comply with both the state and federal laws, and second, whether the

8    challenged state law is an obstacle to the objectives of Congress. *Hickey*, 887 F.

9    Supp. 2d at 1130–31. That analysis here is not complicated. To comply with CEMA,

10   a business sending commercial emails cannot include information that is false or

11   misleading in subject lines. Wash. Rev. Code Ann. § 19.190.020. To comply with

12   CAN-SPAM, the emails must clearly be advertisements, include an opt-out

13   provision, and contain a valid postal address for the sender. 15 U.S.C. § 7704.

14   CEMA is not an obstacle to the objectives of Congress in enacting CAN-SPAM,

15   because the drafters of CAN-SPAM made sure to carve out statutes like CEMA in

16   the statute.

17        Preemption does not automatically apply when two statutes address similar

18   subjects. *Aux Sable Liquid Prods. v. Murphy*, 526 F.3d 1028, 1034 (7th Cir. 2008).

19   And preemption in general "is not lightly inferred." *People v. Villacrusis*, 992 F.2d

20   886, 887 (9th Cir. 1993). "[W]e presume that Congress does not undertake lightly

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 15
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

1  to preempt state law," *Pac. Gas & Elec. Co. v. California ex rel. California Dept of*

2  *Toxic Substances Control*, 350 F.3d 932, 943 (9th Cir. 2003), particularly when

3  Congress has made an explicit choice to carve out certain kinds of state laws, *e.g.*,

4  15 U.S.C. § 7707(b)(1). "If we have *any* doubt about congressional intent, we are

5  to err on the side of caution, finding no preemption[.] *Malabed v. N. Slope Borough*,

6  335 F.3d 864, 869 (9th Cir. 2003) (emphasis added). CEMA was passed in the late

7  1990s, and CAN-SPAM has been law since the early 2000s. Is it likelier that two

8  laws mutually on the books for more than two decades suffer from fatal preemption

9  flaws that no one has noticed for decades, or is it likelier that this defendant does

10  not want to be liable under CEMA today?

**IV.   The Dormant Commerce Clause Does Not Apply to CEMA.**

12      At the end of its brief, Ulta perfunctorily argues that CEMA is

13  unconstitutional under the Dormant Commerce Clause. ECF No. 38 at 20, PageID#

14  392. In essence, Ulta is requesting that this Court grant it a license to deceive

15  Washington consumers. *Id.* at 21, PageID# 393 (suggesting CEMA forces

16  competitors to build out Washington-specific email campaigns). The Court should

17  not entertain this argument – CEMA is constitutional. First, a dormant commerce

18  clause argument is an affirmative defense, and ordinarily, affirmative defenses are

19  not suitable for resolution at the Rule 12 stage. *The Real Est. Bar Ass'n For Mass.,*

20  *Inc. v. Nat'l Real Est. Info. Servs.*, 608 F.3d 110, 120 n.4 (1st Cir. 2010); *see also*

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 16
Case No. 2:25-cv-284-RLP

*U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). In general, "[t]he dormant commerce clause is meant to prevent the various states from imposing economic protectionism." 2 TREATISE ON CONST. L. § 11.1. And "[w]hile the dormant Commerce Clause is not yet a dead letter, it is moving in that direction." *Nat'l Pork Producers Council v. Ross*, 6 F.4th 1021, 1033 (9th Cir. 2021). "Extreme caution is warranted" before a court rejects a law. *Flynt v. Bonta*, 131 F.4th 918, 926 (9th Cir. 2025) (rejecting challenge to cardroom licensure regime). There is no economic protectionism imposed by CEMA that runs afoul of the Clause.

Courts apply a two-tiered approach to determine if a law violates the Dormant Commerce Clause. Laws that discriminate against interstate commerce or directly regulate extra-territorial conduct are generally struck down without further inquiry. *Nat'l Pork Producers Council v. Ross*, 456 F. Supp. 3d 1201, 1207 (S.D. Cal. 2020), *aff'd*, 6 F.4th 1021 (9th Cir. 2021), *aff'd*, 598 U.S. 356 (2023). A law that regulates even-handedly to effectuate a legitimate local public interest (and where the effects on interstate commerce are only incidental) will be upheld unless the burden is excessive in relation to the benefit. *Id.*

CEMA merely requires that companies communicating with Washington residents be truthful. Wash. Rev. Code Ann. § 19.190.020(1)(b) (prohibiting "false or misleading information in the subject line" of commercial emails). It does not

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 17
Case No. 2:25-cv-284-RLP

1  facially discriminate against extraterritorial conduct at all or even address

2  extraterritorial conduct. It merely requires that companies sending commercial

3  emails to Washington residents not send them with false or misleading subject lines.

4  This requirement applies to all companies, wherever they are located – the statute

5  hinges on the contact those companies make with people in Washington. "A statute

6  that applies both to California entities and out-of-state entities does not target

7  wholly extraterritorial activity." *Ross*, 456 F. Supp. 3d at 1207. To the extent the

8  statute is protectionist at all, it protects only the truth and reliability of messages

9  sent to consumers in Washington. CEMA's "requirement of truthfulness … does

10  not burden commerce at all but actually facilitates it by eliminating fraud and

11  deception." *Heckel*, 24 P.3d at 411 (internal quotation marks omitted). CEMA

12  imposes no restriction on the flow of goods and services into (or out of) Washington.

13  *Flynt*, 131 F.4th at 932–33. CEMA does not violate the Constitution because it does

14  not discriminate against interstate commerce or directly regulate extra-territorial

15  conduct. *Cf. Ross*, 598 U.S. at 390 ("[V]irtually all state laws create ripple effects

16  beyond their borders."). The intent and practical effect of CEMA is to guard

17  consumers from deception rather than to protect industries local only to Washington.

18  All a business must do to comply is be truthful. The structure of the statute promotes

19  consumer confidence in marketing efforts and the offerings of out-of-state actors;

20  consumers can be confident that a representation a foreign company makes is true.

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 18
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

1    The Washington Supreme Court has already held that CEMA does not violate

2  the Dormant Commerce Clause. *Heckel*, 143 Wash. 2d at 839 ("In sum, we reject

3  the trial court's conclusion that the Act violates the dormant Commerce Clause.").

4  *Heckel* is squarely on point. The great weight of authority over the past two decades

5  has confirmed that CEMA passes constitutional muster. The cases Ulta cites are not

6  on point. *Sam Francis Foundation* "involve[d] regulation of wholly out-of-state

7  conduct[,]" *Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1324 (9th Cir.

8  2015) (where art sales under the challenged statute had "no necessary connection

9  with the state other than the residency of the seller"), and precedes *National Pork*.

10  *Miller* concerned a statute with wholly extraterroritoral effect. *Nat'l Collegiate*

11  *Athletic Ass'n v. Miller*, 10 F.3d 633, 639 (9th Cir. 1993). The other cases cited by

12  Ulta found that challenged statutes did not violate the Clause. *Nat'l Ass'n of*

13  *Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1157 (9th Cir. 2012).

14  Extraterritorial effect alone does not violate the Clause. *Ross*, 598 U.S. at 374–75.

15    Ulta invokes the specter of "serious risk of inconsistent obligations wrought

16  by the extraterritorial effect of the Statute[.]" D.E. 38 at 22, PageID# 394 (quoting

17  *Miller*, 10 F.3d at 640). But in *Miller*, "the Statute [was] directed at interstate

18  commerce and only interstate commerce." *Id.* at 638. Under CEMA, if a business

19  headquartered in Washington sends a misleading commercial email to a

20  Washington resident, the resident can sue for violations of the statute. Nothing

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 19
Case No. 2:25-cv-284-RLP

Smith & Dietrich Law Offices PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

about that scenario implicates interstate commerce. Ultimately, the Dormant Commerce Clause implicates situations where one state targets another. *Ross*, 598 U.S. at 393 (Barrett, J., concurring in part) ("Under our dormant Commerce Clause jurisprudence, one State may not discriminate against another's producers or consumers. A law whose burdens fall incommensurately and inexplicably on out-of-state interests may be doing just that."). CEMA does not discriminate against another state's producers or consumers, so Ulta's argument fails.

## CONCLUSION

The motion to dismiss should be denied.

Dated January 9, 2026. Respectfully submitted,

<u>/s/ Walter M. Smith</u>
Walter M. Smith, WSBA #46695
**SMITH & DIETRICH LAW OFFICES PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Telephone: (360) 915-6952
walter@smithdietrich.com

J. Gerard Stranch, IV*
Michael C. Tackeff *(pro hac vice)*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops *(pro hac vice)*

PLAINTIFFS' RESPONSE IN OPPOSITION TO ULTA'S MOTION TO DISMISS - 20
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

Natalie A. Lyons *(pro hac vice)*
Ian R. Bensberg *(pro hac vice)*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Samuel J. Strauss WSBA No. 46971
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiffs*

* Applications for admission *pro hac vice*
forthcoming

PLAINTIFFS' RESPONSE IN OPPOSITION
TO ULTA'S MOTION TO DISMISS - 21
Case No. 2:25-cv-284-RLP

Smith & Dietrich Law Offices PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, hereby certify that on January 9, 2026, I caused the

3  foregoing to be electronically filed with the Court using the Court's CM/ECF

4  system which will send an electronic copy to all parties and/or their counsel of

5  record.

6

7      DATED this 9th day of January, 2026.

8

9                              Respectfully submitted,

10                             */s/ Walter M. Smith*
                               Walter M. Smith
11                             **SMITH & DIETRICH LAW OFFICES PLLC**
                               1226 State Avenue N.E., Suite 205
12                             Olympia, WA 98506
                               Telephone: (360) 915-6952
13                             walter@smithdietrich.com

14

15

16

17

18

19

20

PLAINTIFFS' RESPONSE IN OPPOSITION          **Smith & Dietrich Law Offices PLLC**
TO ULTA'S MOTION TO DISMISS - 22            1226 State Avenue N.E., Suite 205
Case No. 2:25-cv-284-RLP                    Olympia, WA 98506
                                            Tel. (360) 915-6952