Walter M. Smith, WSBA #46695
Email: walter@smithdietrich.com
SMITH & DIETRICH LAW OFFICES PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Telephone: (360) 915-6952
*Attorneys for Plaintiffs*

The Honorable Rebecca L. Pennell

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SELAY SHAHPUR and LINDSEY SMITH, on their own behalf and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.,<br><br>    Defendant. | Case No.: 2:25-cv-284-RLP<br><br><br>PLAINTIFFS' RESPONSE TO ULTA'S MOTION TO CERTIFY |

PLAINTIFFS' RESPONSE TO ULTA'S
MOTION TO CERTIFY – 1
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

Ulta invokes Section 1292(b) to contend that this case should be certified to the Ninth Circuit. ECF No. 59. This Motion should be denied. Ulta has not demonstrated that denial of its motion to dismiss comprises "one of the 'rare circumstances' warranting certification for interlocutory appeal." *Okanogan Highlands All. v. Crown Res. Corp.*, 604 F. Supp. 3d 1129, 1136 (E.D. Wash. 2021) (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002)). And there is no "substantial ground for difference of opinion" here. *See* 28 U.S.C. § 1292(b).

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed this case in state court and Ulta removed it here. ECF No. 1. Ulta filed a motion to dismiss and lost. ECF Nos. 38, 39, 46, 49, 51, 52, 53, 54. This Court's ruling on that motion to dismiss was consistent with every other court that has ruled on these same arguments in recent weeks. *See, e.g., Agnew v. Macy's Retail Holdings, LLC*, No. 2:25-CV-02006-JHC, 2026 WL 764140 (W.D. Wash. Mar. 18, 2026); *Shahpur v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 2:25-CV-00284-RLP, __ F. Supp. 3d __, 2026 WL 571122 (E.D. Wash. Feb. 27, 2026); *Jerde v. BYLT LLC*, No. 2:25-CV-01496-JHC, 2026 WL 415445 (W.D. Wash. Feb. 13, 2026); *Kempf, et al., v. FullBeauty Brands Ops.,* No. C25-1141 TSZ, 2026 WL 395677 (W.D. Wash. Feb. 12, 2026); *Ma v. Nike, Inc.,* No. 2:25-

PLAINTIFFS' RESPONSE TO ULTA'S
MOTION TO CERTIFY – 2
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

cv-01235-JLR, 2026 WL 100731 (W.D. Wash. Jan. 14, 2026); *Harrington v. Vineyard Vines, LLC,* No. C25-1115 TSZ, __ F. Supp. 3d __, 2025 WL 3677479 (W.D. Wash. Dec. 18, 2025).

This is a lengthy string citation because these courts have all ruled the same way: CEMA is not preempted by CAN-SPAM and is not unconstitutional. This is consistent not only with common sense but with decades of caselaw. *Gordon v. Impulse Mktg. Grp., Inc.*, 375 F. Supp. 2d 1040, 1045–46 (E.D. Wash. 2005) (CEMA claims not preempted to the extent they allege falsity and deception, consistent with 15 U.S.C. § 7707(b)(1)); *State v. Heckel*, 143 Wash. 2d 824, 839 (Wash. 2001) (CEMA does not violate Dormant Commerce Clause). There is nothing novel here. And though CEMA was recently amended, that revision of the statute does not apply to cases filed before the effective date, June 11, 2026.[1]

## ARGUMENT

Denials of motions to dismiss are generally not appealable final orders. The plain text of 28 U.S.C. § 1292(b) creates two prerequisites to certifying any non-final order for interlocutory appeal. First, that the order must involve a controlling question of law as to which there is substantial ground for difference of opinion,

---

[1] H.B. 2274, 69th Leg., Reg. Sess. (Wash, 2026), https://app.leg.wa.gov/BillSummary/?BillNumber=2274&Year=2026.

PLAINTIFFS' RESPONSE TO ULTA'S
MOTION TO CERTIFY – 3
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

and second, an immediate appeal should materially advance the ultimate termination of the litigation. Neither condition is satisfied here.

Ulta calls the issues in this case "novel" and "significant," ECF No. 59 at 4, but they are neither. Plaintiffs will not regurgitate their arguments in the motion to dismiss (as Ulta has done here), but as explained in Plaintiffs' opposition to the Motion to Dismiss, Ulta's arguments about preemption and the Dormant Commerce Clause have been rejected by caselaw for decades. That is why the State of Washington intervened in this case to defend CEMA's constitutionality. ECF No. 51.

Both the preemption and the constitutional issues are not controlling questions of law warranting interlocutory review. The cases cited by Ulta are inapposite and did not concern a statute that has been largely the same for decades. *McShannock v. JP Morgan Chase Bank N.A.*, No. 18-CV-01873-EMC, 2019 WL 955289, at *2 (N.D. Cal. Feb. 27, 2019) (Ninth Circuit had noted open question for years that court was certifying); *Gallion v. Charter Commc'ns Inc.*, 287 F. Supp. 3d 920, 924 (C.D. Cal. 2018) (challenge to TCPA right after new amendment); *Swinomish Indian Tribal Cmty. v. BNSF Ry. Co.*, No. C15-0543RSL, 2018 WL 11592821, at *1 (W.D. Wash. May 15, 2018) (dispute between Tribe and railroad; no preemption analysis). Ulta states: "The same is true for CEMA: reasonable jurists can (and do) disagree." ECF No. 59 at 8. Not a single case is

PLAINTIFFS' RESPONSE TO ULTA'S
MOTION TO CERTIFY – 4
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

cited for that proposition. This is not a high-level Circuit split over how to apply a Sentencing Guideline, or a situation where the Fifth Circuit has said "yes" and the Ninth Circuit "no" in answering the same question. Rather, on this question the vast majority of jurists do agree. *See supra* pp. 2–3 (collecting cases).

Ulta's factual parade of horribles is likewise of no moment. Ulta avers that statutory damages are punitive as to a company with high email volume who "makes an unintentional error or omission." ECF No. 59 at 10-11. Leaving aside that CEMA liability turns on actual or constructive knowledge, Wash. Rev. Code Ann. § 19.190.020, it is wholly premature to shoehorn an argument about damages this early in the case. Ulta's true quarrel is what CEMA itself says – not with the Court's ruling.

Ulta then regurgitates its briefing on conflict preemption and the Dormant Commerce Clause to suggest a motion to certify should be granted. CEMA does not create a patchwork of state regulations that is impossible to comply with – it merely requires retailers not to lie in commercial emails. That is the requirement that Ulta seeks to escape here: "the only burden the Act places on spammers is the requirement of truthfulness[.]" *Heckel*, 24 P.3d at 411. The same logic bears on its Commerce Clause argument. Ulta crows that verification of email addresses imposes a substantial burden on it. ECF No. 59 at 13. The statute simply requires

PLAINTIFFS' RESPONSE TO ULTA'S
MOTION TO CERTIFY – 5
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

Ulta not to include false or misleading information in the subject headings of its emails – nothing more.

Ulta is essentially requesting that this Court issue it a license to lie to the recipients of its emails in 49 states other than Washington. The Court's decision on both these issues was correct, and there is no basis to depart here from the general and longstanding rule that denials of motions to dismiss are interlocutory. *See, e.g.*, *Crowe v. Lucky Stores, Inc.*, 9 F. App'x 741, 743 (9th Cir. 2001) ("It is well established that a denial of a motion to dismiss is not a final order within the meaning of 28 U.S.C. § 1291 and is therefore not immediately reviewable."); *In re Rega Props., Ltd.*, 894 F.2d 1136, 1138 n.4 (9th Cir. 1990). And it makes sense that such orders are interlocutory – if every denial of a motion to dismiss was immediately appealable, every case would drag on for years before it truly began.

The only true basis for Ulta's request is that the company disagrees with this Court's ruling. That is not a sufficient basis to seek relief under Section 1292. *Kowalski v. Anova Food, LLC*, 958 F. Supp. 2d 1147, 1154 (D. Haw. 2013) ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing.") (noting use of Section 1292(b) is "exceptional"); *see also Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1090 (E.D.

PLAINTIFFS' RESPONSE TO ULTA'S
MOTION TO CERTIFY – 6
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

Cal. 2008) (similar). Ulta has made no such showing here, let alone the "greater" showing required.

## CONCLUSION

Ulta's Motion offers nothing more than spin on an uncontroversial consumer protection statute that merely requires retailers not to make deceptive statements in their emails to consumers. Ulta describes cases under CEMA as a "gold rush." ECF No. 59 at 5. What Ulta is really asking for here is special treatment. This law has been on the books for a long time. It is not Plaintiffs' fault that Ulta decided it was good business to falsely convey that a deal has reached its "last day," an urgency designed to deceive consumers to *buy*. ECF No. 32 at ¶¶ 69–75. Ulta used these marketing tactics for a simple reason – they made the company money. Ulta's greed does not mean it is entitled to a free ride to the Ninth Circuit. This motion should be denied.

Dated April 13, 2026

Respectfully Submitted,

/s/ Walter M. Smith
Walter M. Smith, WSBA #46695
SMITH & DIETRICH LAW OFFICES PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Telephone: (360) 915-6952
walter@smithdietrich.com

PLAINTIFFS' RESPONSE TO ULTA'S
MOTION TO CERTIFY – 7
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952

J. Gerard Stranch, IV*
Michael C. Tackeff (pro hac vice)
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops (pro hac vice)
Natalie A. Lyons (pro hac vice)
Ian R. Bensberg (pro hac vice)
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Samuel J. Strauss WSBA No. 46971
Raina C. Borrelli*
STRAUSS BORRELLI, LLP
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiffs*

* Applications for admission pro hac vice forthcoming

PLAINTIFFS' RESPONSE TO ULTA'S
MOTION TO CERTIFY – 8
Case No. 2:25-cv-284-RLP

**Smith & Dietrich Law Offices PLLC**
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Tel. (360) 915-6952