FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON,

                Intervenor Plaintiff,

    and

SELAY SHAHPUR and LINDSEY SMITH, on their own behalf and on behalf of other similarly situated,

                Plaintiffs,

    v.

ULTA SALON, COSMETICS & FRAGRANCE, INC.,

                Defendant.

No. 2:25-cv-00284-RLP

ORDER GRANTING STIPULATED PROTECTIVE ORDER IN PART

Before the Court is the parties Stipulated Motion for Entry of Protective Order. ECF No. 62. The parties seek a protective order to protect confidential material including:

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 1

non-public business records, the disclosure of which could result in competitive or economic harm to Ulta or invade Plaintiffs' privacy, including but not limited to, proprietary, confidential, financial, and business information relating to protected trade secrets and business operations of Ulta; confidential business and marketing practices, policies, and procedures of Ulta, including documentation related to Ulta's emails to consumers; and personal information that Plaintiffs have maintained as private or non-public and confidential, including personally identifiable information (PII) (e.g., non-public emails, phone numbers, and account IDs) and personal health information.

The Court finds good cause exists to issue a protective order under Fed. R. Civ. P. 26(c)(1) to protect Ulta's trade secrets and Plaintiffs' personally identifiable information and health information. However, the Court does not find good cause has been established to protect Ulta's non-public business records and other general financial and business information. These categories are worded broadly and subjectively. The parties are free to agree to restrict distribution of information between themselves or submit requests for further protections to the Court which are narrowly tailored and demonstrate good cause.

Accordingly, **IT IS ORDERED**:

1.      The parties' Stipulated Motion for Protective Order, **ECF No. 62**, is **GRANTED in part** as set forth below.

2.      The parties' Stipulated Motion for Protective Order, **ECF No. 62**, is **DENIED in part** as to non-public business records including proprietary, confidential, financial, and business information relating to business operations of

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 2

Ulta; confidential business and marketing practices, policies, and procedures of Ulta, including documentation related to Ulta's emails to consumers.

**PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties, Selay Shahpur and Lindsey Smith ("Plaintiffs"), and Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta"), by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Ulta's trade secrets and Plaintiffs' personally identifiable information ("PII") (e.g., non-public emails, phone numbers, and account IDs) and personal health information.

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 3

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

Whenever possible, the designating party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the designating party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party pursuant to the terms of this Order and any applicable local or Federal rules.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 4

is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless good cause warrants a particular document or material produced as Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 5

(e)     professional vendors, copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     a mediator jointly retained by the parties.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 6

motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, Sections 5.2(b) and (d) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 7

or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the final transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 8

portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(d)     Information may be designated hereunder in any reasonable manner or method that notifies the receiving party of the designation and identifies the information to which the designation applies. If made verbally, the designating party must promptly confirm in writing the designation to all counsel of record.

(e)     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 9

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality or a motion for a protective order. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 10

"CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 11

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney-client, work-product, or trial-preparation privileges, then it must promptly notify each receiving party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce replacement documents that redact the information subject to the claimed protection. The receiving party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. Nothing herein waives the receiving party's right to challenge the claim of privilege pursuant to Fed. R. Civ. P. 26(b)(5)(B).

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts,

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 12

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.   ESI

Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Information produced in discovery that is protected as privileged or work

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 13

product shall be immediately returned to the producing party.

IT IS SO ORDERED. The Clerk shall enter this Order and forward copies to counsel.

DATED May 4, 2026.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 14

## EXHIBIT A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE**

SELAY SHAHPUR and LINDSEY SMITH, on their own behalf and on behalf of others similarly situated,

Plaintiffs,

v.

ULTA SALON, COSMETICS & FRAGRANCE, INC.,

Defendant.

Case No.: 2:25-cv-00284-RLP

Honorable Judge Rebecca L. Pennell

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the Protective Order in this matter.  The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

DATED: _____

_____
**Name**

_____
**Signature**

ORDER GRANTING STIPULATED
PROTECTIVE ORDER IN PART ~ 15