FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 14, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SELAY SHAHPUR and LINDSEY SMITH, on their own behalf and on behalf of other similarly situated,

Plaintiffs,

And

STATE OF WASHINGTON,

Plaintiff-Intervenor,

v.

ULTA SALON, COSMETICS & FRAGRANCE, INC.,

Defendant.

CASSAUNDRA MAXWELL, on her own behalf and on behalf of other similarly situated,

Plaintiff,

And

STATE OF WASHINGTON,

Nos. 2:25-cv-00284-RLP
2:25-cv-00526-RLP
2:26-cv-00084-RLP

ORDER DIRECTING BRIEFING

ORDER DIRECTING BRIEFING ~ 1

Plaintiff-Intervenor,

v.

ULTA SALON, COSMETICS & FRAGRANCE, INC.,

Defendant.

VERONICA REPPERGER, AMBER LAMAR, CHARRA CLADWELL, and REBEKKAH CLARK, on their own behalf and on behalf of other similarly situated,

Plaintiffs,

And

STATE OF WASHINGTON,

Plaintiff-Intervenor,

v.

ULTA SALON, COSMETICS & FRAGRANCE, INC.,

Defendant.

Before the Court are multiple motions in each of the above-captioned cases. Among those motions is Defendant's unopposed motion to allow five extra pages in the reply brief for its motion to consolidate cases, which is duplicated and filed in each case. This motion is granted. Before ruling on the remaining pending motions, the Court requires briefing regarding the issue of subject matter jurisdiction and whether these matters should be remanded to their respective superior courts. Therefore, ruling on all other pending motions is stayed and the parties are directed to brief the issues as set forth below.

ORDER DIRECTING BRIEFING ~ 2

BACKGROUND

Plaintiffs Shahpur et al, Repperger et al, and Maxwell et al each filed a putative class action Complaint against Ulta Salon Cosmetics and Fragrance, Inc., alleging Ulta's advertising e-mails violated the CPA and CEMA based on false and deceptive e-mail marketing. In each case, Ulta moved to dismiss for lack of specificity, failure to properly plead the claims, preemption of CEMA by CAN-SPAM, and because it alleged CEMA is unconstitutional. The motions to dismiss in Shahpur and Repperger were denied and the Court found Plaintiffs' CPA and CEMA claims were plausible; CEMA is not preempted by federal law; and CEMA does not violate the dormant Commerce Clause. The motion to dismiss in the Maxwell case remains pending. Ulta Beauty filed a motion to certify appeal of the order denying motion to dismiss in the Shahpur case and a motion to consolidate all three cases. Plaintiffs in Maxwell and Repperger agree their cases could be consolidated but oppose consolidation with the Shahpur case.

DISCUSSION

"It is the duty of federal courts to assure themselves that their jurisdiction is not being exceeded." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022) (quoting *In re Ryther*, 799 F.2d 1412, 1414 (9th Cir. 1986)) (quotation marks omitted). A court may raise the issue of a lack of subject matter jurisdiction sua sponte at any time. *Id.* A "lack of *Article III* standing requires

ORDER DIRECTING BRIEFING ~ 3

dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

The Court observes that in each of its motions to dismiss, Ulta Beauty has argued that the Complaints do not allege actual or concrete injury. *See Shahpur*, ECF No. 38 at 9-10, 15; *Repperger*, ECF No. 19 at 11-13, 16; *Maxwell*, ECF No. 22 at 8-10. This argument implicitly raises the issue of standing. As the party who removed these cases to federal court, Ulta bears the burden of establishing jurisdiction.

Courts in this district have recently remanded or dismissed similar CEMA cases for lack of standing. *Nuri v. True Religion Apparel*, 2026 WL 864886, at *2 (W.D. Wash. Mar. 30, 2026) (remanding due to lack of standing); *Montes v. Catalyst Brands LLC*, 2025 WL 3485827, at *2 (E.D. Wash. Dec. 4, 2025) (dismissing CEMA complaint due to lack of standing); *see also Crooks v. Coty DTC Holdings, LLC*, 2026 WL 1265422 (D. Md. May 8, 2026) (remanding for lack of standing for claim under Maryland CEMA which is "virtually identical" to

ORDER DIRECTING BRIEFING ~ 4

Washington's CEMA); *Mulanena, v. Ulta Salon, Cosmetics & Fragrance, Inc.,* 2026 WL 1214932, at *1 (D. Md. May 4, 2026) (granting motion to remand Maryland CEMA case for lack of standing); *compare with Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1011–12 (W.D. Wash. 2019) (finding alleged violation of CEMA constituted concrete injury in fact and denying motion to remand).

Other courts have noted the outcome of recent cases and have required additional briefing on the issues of standing and the amount in controversy as it relates to subject matter jurisdiction. *See Hutton v. Papa John's USA, Inc.*, 2026 WL 1183241, (W.D. Wash. Apr. 30, 2026) (ordering briefing regarding standing and potential damages related to subject matter jurisdiction); *Devivo v. Sheex Inc.,* 2026 WL 775625 (W.D. Wash. Mar. 19, 2026) (issuing order to show cause why the case should not be remanded for lack of standing and lack of subject matter jurisdiction); *Kempf v. Fullbeauty Brands Operations, LLC*, 25-cv-1141-TSZ, ECF No. 48 (W.D. Wash. February 13, 2026) (requiring briefing regarding Article III standing and amount in controversy).

If this Court lacks jurisdiction, any further proceedings would be moot. Accordingly, except as set forth below, the Court hereby stays the pending motions in the above-captioned cases. Hearing dates in all cases are stricken and if necessary will be reset at a later time. The parties are ordered to submit

ORDER DIRECTING BRIEFING ~ 5

supplemental briefing as set forth below.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The parties shall file briefing addressing (1) whether the plaintiffs have standing to pursue the claims presented in these actions and, if not, whether the action should be remanded to the respective superior courts; and (2) whether CEMA provides for damages to be calculated on a per-email basis or a per-recipient basis, and whether the resulting calculations meet the amount-in-controversy threshold for either diversity jurisdiction or CAFA jurisdiction. Defendant shall file a brief on these issues no later than June 15, 2026. Plaintiffs shall file a responsive brief or briefs no later than June 29, 2026. Plaintiffs may file briefs jointly or individually or any combination thereof. Intervenor-Plaintiff State of Washington may file an optional responsive brief no later than June 29, 2026. Briefs shall not exceed 10 pages.

2.    In *Shahpur et al v. Ulta Salon*, 25-cv-284-RLP: The hearing dates for the Motion to Certify Appeal, ECF No. 59, and Motion to Consolidate Cases, ECF No. 65, are **STRICKEN** and will be reset at a later time, if necessary. Defendant's Unopposed Motion to Extend Five Pages to Allow Consolidated Reply for All Three Cases, **ECF No. 74**, is **GRANTED**.

3.    In *Repperger v. Ulta Salon*, 25-cv-526-RLP: The hearing date for the Motion to Consolidate Cases, ECF No. 38 is **STRICKEN** and will be reset at a

ORDER DIRECTING BRIEFING ~ 6

later time, if necessary. Defendant's Unopposed Motion to Extend Five Pages to Allow Consolidated Reply for All Three Cases, **ECF No. 46**, is **GRANTED**.

    4.    In *Maxwell et al v. Ulta Salon*, 26-cv-84-RLP: The hearing dates for the Motion to Dismiss, ECF No. 22, and Motion to Consolidate Cases, ECF No. 42, is **STRICKEN** and will be reset at a later time, if necessary. Defendant's Unopposed Motion to Extend Five Pages to Allow Consolidated Reply for All Three Cases, **ECF No. 44**, is **GRANTED**.

    **IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

    DATED May 14, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DIRECTING BRIEFING ~ 7