Lynn A. Toops, *pro hac vice*
Email: ltoops@cohenmalad.com
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481

Walter M. Smith, WSBA # 46695
Email: walter@smithdietrich.com
SMITH & DIETRICH LAW OFFICES PLLC
1226 State Avenue N.E., Suite 205
Olympia, WA 98506
Telephone: (360) 915-6852

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SELAY SHAHPUR and LINDSEY SMITH, on their own behalf and on behalf of others similarly situated, | Case No. 2:25-cv-00284-RLP |
| Plaintiffs, | Honorable Rebecca L. Pennell |
| and | PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING NINTH CIRCUIT *MONTES* DECISION |
| STATE OF WASHINGTON, | |
| Intervenor-Plaintiff, | |
| v. | |
| ULTA SALON, COSMETICS & FRAGRANCE, INC., | |
| Defendant. | |

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

i

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

## **TABLE OF CONTENTS**

Introduction ........................................................................................................... 1

Background ............................................................................................................ 3

Argument ............................................................................................................... 4

    I.     The Ninth Circuit's Pending Decisions in Montes I and Montes II do not Warrant a Stay of this Action. ........................................................ 5

          A.    The Ninth Circuit's Decision in Montes I Does Not Warrant a Stay ................................................................................................ 8

          B.    The Ninth Circuit's Decision in *Montes II* Does Not Warrant a Stay. ............................................................................................. 10

    II.    A Stay Would Substantially Prejudice Plaintiffs and the Putative Class. ..................................................................................................... 11

    III.   Ulta Has Not Established the Type of Hardship Necessary to Justify a Stay. ..................................................................................................... 15

Conclusion ........................................................................................................... 18

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

ii

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

# **INTRODUCTION**

Rare indeed are the circumstances in which a litigant may be compelled to stand aside while other controversies, involving different parties, different facts and a different law, wind their way through appellate review in the hope that they may someday alter the legal landscape in the movant's favor. Those circumstances are not present here. This case concerns a straightforward theory under Washington's Commercial Electronic Mail Act, Wash. Rev. Code § 19.190.020 ("CEMA"): Ulta Salon, Cosmetics & Fragrance, Inc., ("Ulta" or "Defendant") repeatedly transmitted commercial emails containing misleading subject lines designed to create false urgency by representing that sales were ending imminently when, in fact, Defendant extended those same sales beyond the advertised deadline. That the sales continued longer than promised is not an answer to the deception—it is the deception. Now, Ulta asks this Court to stay proceedings pending two decisions from the Ninth Circuit. Defendant's Motion to Stay Proceedings, Dkt. No. 78. However, none of Ulta's arguments justify staying this action.

The Washington Legislature has not repealed CEMA or declared the transmission of deceptive email subject lines to be lawful. To the contrary, the statute remains fully operative, and, by denying Ulta's Motion to Dismiss under Rule 12(b)(6), this Court has already concluded that Plaintiffs plausibly stated claims under the law. Order on Motion to Dismiss, Dkt. No.54. Notably, the two appellate

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

1

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

issues Ulta now claims as justification for halting this litigation were not even meaningfully presented in its own Motion to Dismiss. Ulta did not move to dismiss on the ground Plaintiffs failed to state a viable claim under Washington's Consumer Protection Act ("CPA") based on the absence of alleged economic loss, the issue it now points to in *Montes v. SPARC Grp., LLC*, No. 23-35496 (9th Cir.) ("*Montes I*"). Nor did it argue Plaintiffs lack Article III standing, the issue now pending in *Montes v. Penney OpCo, LLC, et al.*, Nos. 25-8045, 26-241 (9th Cir.) ("*Montes II*"). Unable to obtain dismissal on the arguments it actually presented, Ulta grasps for any straw to pause this case while it waits to see whether separate appellate proceedings may provide a light at the end of the litigation tunnel. Mere speculation regarding other cases is neither a proper nor a sufficient basis for a stay. The pending appeals will not determine this case, eliminate the need for discovery, or obviate merits litigation concerning Ulta's email campaigns and practices. Meanwhile, the prejudice from delay is tangible. By its nature, a stay will delay litigation and, therefore, the resolution of this case. Both Plaintiffs and putative class members will be prejudiced if their relief from Ulta's tactics is postponed. Defendant seeks to halt discovery indefinitely while continuing to benefit from the very advertising practices challenged here. The orderly course of justice is not served by rewarding delay under those circumstances. Now, in its third attempt to delay this case, Ulta asks this Court to stay proceedings pending two decisions from the Ninth Circuit. *Compare* Dkt.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

2

No. 41 (motion to stay discovery), 59 (motion to certify appeal), 78 (instant motion to stay).

Accordingly, Defendant's motion should be denied.

## **BACKGROUND**

Plaintiffs are Washington consumers with a shared affliction. Their email inboxes have been flooded with deceptive spam emails, courtesy of Ulta. These messages warn of looming deadlines and urge recipients to act quickly to take advantage of the promotional offers lest the "opportunity" be lost. To the consumers' detriment, companies transmitting such messages (like Ulta) have no intention of educating consumers about the availability of deals nor communicating accurate terms. Their aim is simple: deceive consumers about the timing of promotions to drive them to their website and, ultimately, the checkout screen.

Plaintiffs filed this proposed class action in state court nearly a year ago, on June 26, 2025, (Case No. 25-2-03149-32, Spokane County), asserting claims on their own behalf and on behalf of the proposed class members under CEMA and the CPA. Dkt. No. 1. The operative complaint details Ulta's deployment of "false time scarcity claims" in the subject lines of its marketing emails, Dkt. No. 32 at ¶ 39, though is not limited to such claims. *See id.* ¶ 99; *see generally* Am. Compl. Ex. A. The Amended Complaint broadly attacks Ulta's false and misleading email marketing practices. *See* Am. Compl. ¶¶ 80, 92. Plaintiffs and Ulta have engaged in numerous

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

3

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

discussions during which Plaintiffs made clear that their Amended Complaint, as well as the putative class or classes they will seek to represent, will eventually encompass all marketing emails sent by Ulta with false or misleading subject lines revealed in discovery. *See* Dkt. 73-1 at ¶ 6.

On December 9, 2025, Ulta moved to stay discovery, which this Court granted. Dkt. 48. Four days earlier, Ulta had already filed a Motion to Dismiss Plaintiffs' Amended Complaint. Dkt. 38. The Court denied that motion on February 27, 2026, finding Plaintiffs' CPA and CEMA claims were plausible; CEMA is not preempted by federal law; and CEMA does not violate the dormant Commerce Clause. Dkt. 54. Undeterred, Ulta sought permission to certify an appeal of that decision to the Ninth Circuit (dkt. 59), which Plaintiffs opposed as lacking merit. Dkt. 61. Ulta then filed a Motion to Consolidate Cases on April 24, 2026. Dkt. 65. Most recently, on May 14, 2026, this Court issued an order striking hearings for all pending motions and directing the parties to file briefing regarding Article III standing and CAFA jurisdiction. Dkt. 75. That briefing is proceeding in accordance with the schedule outlined by the Court.

Now, Ulta seeks yet another stay. Dkt. 78.

## ARGUMENT

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

4

both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Ulta has tried at every turn to escape the inescapable conclusion that CEMA is not preempted, that Plaintiffs have Article III standing, and that this case should proceed. Ulta's desire to get out of this case is not a legal basis for a stay. In determining whether a discretionary stay is appropriate, courts generally consider: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward" if there is even a "fair possibility" that the stay will prejudice the nonmoving party. *Landis*, 299 U.S. at 255. Merely "[b]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

## I.    The Ninth Circuit's Pending Decisions in *Montes I* and *Montes II* do not Warrant a Stay of this Action.

Defendant principally argues that this case should be stayed because two pending Ninth Circuit appeals may, or may not, provide guidance concerning issues that could arise here. However, the mere existence of potentially relevant appellate proceedings is not enough to justify stopping an active case in its tracks. *See Landis*, 299 U.S. at 255. While courts may stay proceedings pending independent actions

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

5

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

that "bear upon the case[,]" *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979), a stay remains inappropriate where the purported benefits are speculative, indefinite, or fail to materially simplify the litigation. *See id*. at 864; *Lockyer*, 398 F.3d at 1110-12.

Here, neither *Montes I* nor *Montes II*—involving different parties, records, and alleged conduct—will resolve this case.

- *Montes I* is wholly inapposite because it does not involve a CEMA claim. It is solely concerned with whether a consumer suffers an economic injury under the CPA in her business or property "when she purchases— and obtains—the very product she sought to obtain but does so because the seller misrepresented the product's price history." *Montes v. SPARC Grp., LLC*, 586 P.3d 999, 1002 (Wash. 2026) (answering question certified by the Ninth Circuit). That case has no CEMA claim.

- The question in *Montes II* is inapposite because there, the plaintiff "welcome[d] Defendants' marketing emails[.]" *Montes v. Catalyst Brands LLC*, 2025 WL 3485827, at *3 (E.D. Wash. Dec. 4, 2025). There is no such finding here. Dkt. 32 at ¶¶ 14-17, 92. Further, as explained below, the District Court in *Montes II* ignored the mandatory directive to remand a case upon a finding it lacked subject matter jurisdiction. 28 U.S.C. § 1447(c).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

6

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

These cases have no bearing here. Regardless of their outcome, it remains to be determined whether Ulta's email subject lines violated CEMA, whether Ulta directed those emails to Washington consumers, and what relief is appropriate based upon the developed record. This Court has already rejected Ulta's CAN-SPAM preemption and Commerce Clause arguments and concluded that Plaintiffs adequately pleaded their claims, confirming those claims are actionable under existing law. Dkt. 54.

Ulta identifies no issue in *Montes I* or *Montes II* that would eliminate the need for discovery into Ulta's email campaigns and marketing practices. Indeed, much of the relevant discovery will remain necessary regardless of how those appeals are resolved. The parties will still require discovery concerning the content and timing of the challenged emails, Ulta's internal marketing practices, and Ulta's targeting of Washington consumers. The core factual disputes in this case will persist regardless of any future appellate guidance.

Stay determinations are inherently case-specific and depend upon the procedural posture and claims actually before a court. *See Lockyer*, 398 F.3d at 1110 (requiring courts to maintain an "even balance" between the alleged hardship to the moving party, the prejudice to the non-moving party, and the interests of judicial economy). This Court has already concluded that Plaintiffs plausibly alleged

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

7

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

actionable claims. As such, the orderly course of justice does not weigh in favor of a stay.

### A. The Ninth Circuit's Decision in *Montes I* Does Not Warrant a Stay.

Ulta overstates the significance of *Montes I.* That case concerns whether a plaintiff alleging deceptive "sale" or discount pricing under the CPA alone suffers a cognizable injury to business or property where the plaintiff alleges that misleading pricing representations induced a purchase but does not allege any objective economic loss. *See Montes v. SPARC Grp.*, *LLC*, 2023 WL 4140836, at *3 (E.D. Wash. June 22, 2023). There is no CEMA claim in that case. Plaintiffs here allege Ulta transmitted misleading email subject lines falsely suggesting that sales were about to expire to manufacture artificial urgency and pressure consumers into engaging with Ulta's marketing efforts before a purported deadline lapsed. Ulta allegedly then continued those same sales after the advertised expiration dates. Dkt. 32, ¶¶ 41-80. This case involves a CEMA claim with a ride-along CPA claim, not a standalone CPA claim without a CEMA claim.

That distinction matters. *Montes I* addressed whether consumers suffered a cognizable *CPA* injury where they received the economic benefit of the bargain despite allegedly deceptive comparative pricing. This case, by contrast, concerns allegedly deceptive representations regarding the duration and urgency of sales promotions communicated through email subject lines, a *per se* violation of the CPA.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

8

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

Dkt. 32, ¶ 116. *See, e.g.*, *State v. Heckel*, 143 Wash. 2d 824, 828 (2001) (*en banc*) (CEMA violation is "per se violation of the Consumer Protection Act"); *Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 584 (2025) (same); *Wright v. Lyft, Inc.*, 189 Wash. 2d 718, 728 (2017) (CEMA violation establishes causation and injury on CPA claim "as a matter of law"). Ulta's effort to collapse these distinct theories into the same CPA inquiry exaggerates the reach of *Montes I*. More fundamentally, it disregards the distinct relationship between CEMA and the CPA recognized by the Washington Supreme Court. *Id*. As the *Lyft* court explained, although CEMA damages are recoverable through the CPA, allegations establishing a CEMA violation themselves satisfy all five elements of a CPA claim, including injury and causation. *Id*. at 732. So, unlike the deceptive-pricing claim at issue in *Montes I*, Plaintiffs' claims here arise from alleged violations of a separate statutory scheme that Washington law already treats as sufficient to establish the elements necessary for CPA recovery. *See also Montes* v. *Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, at *2 (E.D. Wash. Dec. 4, 2025).

Moreover, the issue at the heart of *Montes I* is not before this Court. Ulta did not move to dismiss Plaintiffs' CPA claim on the grounds it failed to allege economic injury—the issue it now identifies as central to *Montes I*. Instead, Ulta principally argued that Plaintiffs' claims were preempted by the CAN-SPAM Act and that Plaintiffs failed to allege concrete harm. Dkt. No. 38. The Court rejected those

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

9

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

arguments. Dkt. No. 54. Even assuming *Montes I* provides additional guidance concerning CPA injury, any resulting legal questions can be addressed through ordinary motion practice. For that reason, among others, Ulta's speculation that future appellate rulings may affect class certification arguments does not excuse freezing the litigation altogether. *See, e.g.*, *Mendez v. Optio Solutions, LLC*, 239 F.Supp.3d 1229, 1234 (S.D. Cal. 2017) (noting that "inevitable discovery and motion practice" does not demonstrate a hardship justifying a stay). Nor has Ulta demonstrated how the ruling in *Montes I* would materially simplify discovery. Regardless of the outcome and as noted above, the parties will still require discovery concerning a variety of topics including Ulta's email campaigns and marketing practices—matters that will dominate this case irrespective of how the Ninth Circuit ultimately resolves *Montes I.*

The possibility that *Montes I* may affect this case, in the absence of any dispute regarding the Court's jurisdiction, is not enough to justify Ulta's request for a stay. *Lockyer*, 398 F.3d at 1109–10; *see also Dependable Highway*, 498 F.3d at 1066-67. And the balance of hardship clearly weighs against it.

**B. The Ninth Circuit's Decision in *Montes II* Does Not Warrant a Stay.**

Ulta's reliance on *Montes II* fares no better. The issue on appeal in that case is absent in this record. Ulta itself attested that jurisdiction was proper when it removed this case. Dkt. No. 1 at 2. Necessarily, Ulta has never averred that Plaintiffs lack

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

10

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

standing here. Despite its pontification about the "significance of these jurisdictional issues" and its claim that the "Article III standing question is genuinely unsettled among district courts," Dkt. 78 at 5–6, Defendant simultaneously acknowledges that "Article III standing exists in th[is] case." *Id*. Ulta must concede as much: by removing this action, it necessarily asserted Plaintiffs had Article III standing. *See* Dkt. 1. If the existence of a pending appeal on standing were enough to justify a stay, even where standing is undisputed, parties could effectively freeze broad categories of statutory litigation whenever appellate review was underway in another case. That is not the law. *See Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1110-12.

Although Ulta now frames its stay request as necessary to resolve a "significant threshold question," that question is one upon which both parties agree. A stay would therefore benefit only Ulta—not the parties collectively. *See id*. at 7. Ulta seeks this stay anticipating favorable appellate authority may improve its litigation position—an insufficient basis for further delay.

## II. A Stay Would Substantially Prejudice Plaintiffs and the Putative Class.

Ulta understates the prejudice that would result from staying this action. While delay alone may not always constitute undue prejudice, courts evaluating discretionary stays must still consider the "possible damage" resulting from postponement, including evidentiary concerns, litigation delay, and the practical effect a stay would have on the parties' ability to prosecute their claims. *See In re*

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

11

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

*PG&E Corporation Securities Litigation*, 11 F.4th 1076, 1087 (9th Cir. 2024); *CMAX, Inc.*, 300 F.2d at 268; *Lockyer*, 398 F.3d at 1110-12.

First, the requested stay is neither as narrow nor as finite as Ulta suggests. Defendant seeks to halt proceedings pending resolution of two separate appellate questions, a process that routinely takes years in the Ninth Circuit. Although Defendant treats those proceedings as though they are nearing completion, neither appeal has a guaranteed resolution date and further appellate proceedings— including petitions for rehearing or additional appellate review—remain possible. In the five months it has been pending, deadlines have been extended twice. *See Montes v. Penney OpCo, LLC,* Nos. 26-241, 25-8045 (9th Cir.), Dkt. Nos. 25, 31; *see also Leyva*, 593 F.2d at 864 ("[A] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). And recent data shows an average of 13.1 months for resolution of Ninth Circuit cases, from notice of appeal to resolution by opinion or order.[1] Ulta seemingly ignores that Plaintiff also seeks injunctive relief aimed at preventing future transmission of misleading commercial emails. Dkt. No. 32, ¶¶ 123, 113. A months-long stay where Plaintiffs sought injunctive relief was a key hardship upon which the Ninth Circuit determined, in *Lockyer*, rendered the say

---

[1] United States Courts, *U.S. Courts of Appeal—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit* (Sep. 30, 2024), https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

12

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

inappropriate. 398 F.3d at 1112 ("more than just a fair possibility of harm" if injunctive relief claim "ha[d] merit," rendering defendant's conduct "an ongoing illegal. . . threat[ ] [of] economic harm to electricity consumers"). *See also Washington*, 2015 WL 918694, at *5 (finding "stay would potentially harm Washington consumers" by "delay[ing] their ability to obtain [injunctive] relief . . . if such relief is warranted"). So too, here: delay of meritorious injunctive relief threatens months-long harm to Plaintiff and putative class members from Defendant's deceptive spam emails.  Thus, staying this case delays not only potential monetary recovery, but also adjudication of whether Ulta may continue engaging in the challenged conduct during the pendency of the stay.

Second, the prejudice here extends beyond mere delay in recovering statutory damages. Courts must consider "possible damage" from postponement, including evidentiary concerns, litigation delay, and the effect of a stay on the parties' ability to prosecute their claims. *See In re PG&E Corporation Securities Litigation*, 11 F.4th 1076, 1087 (9th Cir. 2024) (reversing stay). Passage of time itself increases the risk of evidentiary deterioration and fading recollections. *See Lockyer*, 398 F.3d at 1112; *Dependable Highway*, 498 F.3d at 1066-67. While Ulta claims that Plaintiffs won't face "irreparable harm" because this case involves "historical email communications, which will not deteriorate or disappear with the passage of time[,]" dkt. 78 at 9, there is a genuine, non-speculative risk of such "lost evidence[.]" *Id*.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

13

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

This case concerns electronically stored information – evidence which is susceptible to ordinary degradation, overwriting, deletion, and loss over time. The challenged emails were allegedly transmitted through third-party marketing systems and electronic platforms that may maintain data pursuant to evolving retention schedules, automated deletion practices, or changing business relationships. Dkt. 32, ¶ 85. Delaying discovery materially increases the risk that relevant evidence may become more difficult to locate, preserve, or reconstruct as time passes. Litigation holds are not a substitute for timely discovery, particularly in cases involving dynamic electronically stored marketing data maintained across multiple systems, custodians and vendors. Courts recognize that the passage of time itself may prejudice plaintiffs by increasing the risk of evidentiary deterioration and fading recollections. *See Lockyer*, 398 F.3d at 1112 (delay may prejudice the non-moving party); *Dependable Highway Express, Inc.*, 498 F.3d at 1066-67.

This case is not analogous to the disputes Defendant cites to argue that Plaintiffs will not be prejudiced. Dkt. 78 at 8-9; *See e.g.*, *Garrison*, 2009 WL 10704349 (finding a stay was warranted where the pending appellate decision would determine the constitutionality of the statute upon which Plaintiff's claims were based.); *Zastrow v. RugsUSA, LLC*, No. C25-0472, 2025 WL 2145571 (W.D. Wash. July 29, 2025) (granting a stay where there was no assertion of irreparable discovery setback and the "inability to rely on [Defendant's] advertising" amounts to a "longer

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

14

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

version of the same harm."). The claims here concern Ulta's ongoing marketing practices and electronic communications directed toward Washington consumers, both known and unknown. To the extent those practices continued during the proposed stay period, delaying discovery would postpone the development of a factual record concerning the full scope of the challenged conduct and further delay any injunctive or class-wide relief that may ultimately prove appropriate.

### III.    Ulta Has Not Established the Type of Hardship Necessary to Justify a Stay.

Defendant's final argument is largely premised upon potential discovery costs and quickly reduces to a familiar proposition: litigating a putative class action—especially one involving electronically stored information—is "expensive and burdensome[.]" Dkt. 78 at 10. But ordinary litigation burdens do not constitute the type of "hardship or inequity" required to justify an extraordinary stay under *Landis*. *See Landis*, 299 U.S. at 255; *Lockyer*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity."). *See also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co*., 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018) ("Discovery is not stayed just because it imposes some burden." (emphasis original)); *Smith v. Levine Leichtman Cap. Partners Inc*., 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) ("The expense of discovery alone does not amount to good cause to stay discovery based on Defendant's argument that they

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

15

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

are likely to succeed on the pending motions and could therefore avoid unnecessary expenses.").

That principle applies with force here. Ulta is a sophisticated national retailer that conducts large-scale email marketing campaigns directed toward Washington consumers. The fact that responding to discovery concerning those campaigns may require the collection and review of electronically stored information does not constitute an unusual or unfair burden; it is the ordinary consequence of defending a consumer class action involving electronic communications. Further, the discovery which Plaintiffs seek is neither overly broad nor wasteful. Plaintiffs seek discovery directly tied to the claims and defenses at issue, including information concerning Ulta's email marketing campaigns, the creation and selection of challenged subject lines, and Ulta's targeting of Washington consumers. Such discovery goes to the heart of Plaintiffs' claims and Defendant's defenses. The fact that responsive information may exist in substantial quantities would not justify stopping the litigation altogether.

Indeed, much of the discovery Defendant treats as "burdensome" would be required regardless of how the Ninth Circuit ultimately resolves *Montes I* and *Montes II*. Even under Ulta's framing of those appeals, neither case will resolve whether Ulta transmitted misleading subject lines, what Ulta knew regarding the

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

16

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

timing and duration of the challenged sales, or what communications were sent to Washington consumers.

Ulta's reliance on generalized assertions of class-action expense is equally unavailing. Courts routinely reject stay requests premised solely on the cost and burden of litigation, particularly where the moving party simply identifies the ordinary burdens associated with discovery and motion practice. *See Lockyer*, 398 F.3d at 1112; *Dependable Highway Express*, *Inc*., 498 F.3d at 1066-67. Ulta's claimed hardship depends almost entirely on speculation that future appellate rulings may improve its litigation posture or narrow Plaintiffs' theories in some presently undefined manner. That is an insufficient basis to warrant a stay.

Finally, Defendant's assertion that discovery burdens fall more heavily on it reflects the reality that Ulta—not Plaintiffs—created, controlled, and maintained the marketing systems and records at issue. *See* Dkt. 78 at 10. The burden of collecting and producing evidence concerning those systems is not an extraordinary hardship; it is the routine consequence of defending against claims arising from Ulta's own conduct. And because this Court has already concluded that Plaintiffs plausibly alleged actionable CEMA violations, the ordinary costs of litigating those claims do not constitute the type of "hardship or inequity" warranting an extraordinary stay. *See Lockyer*, 398 F.3d at 1112.

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

17

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

Ulta bears the burden of showing that circumstances justify the requested relief. *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020). Motions to stay are disfavored, and for good reason. By providing nothing more than vague references to potential future costs and burdens, Ulta has failed to demonstrate the hardship or inequity required to justify a stay in this matter.

## CONCLUSION

The Court should deny Ulta's Motion to Stay Proceedings.

*[Counsel signatures to follow on next page.]*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

18

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

Date:  June 5, 2026

Respectfully submitted:

*/s/ Lynn A. Toops*
Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

/s*Walter M. Smith*
Walter M. Smith, WSBA #46695
**SMITH & DIETRICH LAW OFFICES PLLC**
1226 State Avenue N.E., Ste. 205
Olympia, WA 98506
Tel.: (360) 915-6952
walter@smithdietrich.com

Michael C. Tackeff*
J. Gerard Stranch, IV*
Andrew K. Murray**
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli**
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

19

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com

Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiffs*

\* Admitted *pro hac vice*
\*\* Application for admission *pro hac vice* forthcoming

## <u>CERTIFICATE OF SERVICE</u>

I, Lynn A. Toops, hereby certify that on June 05, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 5th day of June, 2026.

/s/ Lynn A. Toops
Lynn A. Toops, admitted *pro hac vice*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204

PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STAY
No. 2:25-cv-00526-RLP

20

CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481 • cohenmalad.com